

# NUMBER 13-24-00388-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JACOB LEE RENTERIA,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                           Appellee.

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

Appellant Jacob Lee Renteria pleaded guilty to burglary of a habitation, a second-degree felony, and was placed on three years' deferred-adjudication community supervision. *See* TEX. PENAL CODE ANN. §§ 30.02(a), (c)(2). The State filed a motion to revoke appellant's community supervision. After finding appellant to have violated the

terms of his community supervision, the trial court adjudicated appellant guilty of the burglary offense and sentenced him to ten years' imprisonment. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment as modified.

## I.     *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion

to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II.    INDEPENDENT REVIEW & JUDGMENT MODIFICATION

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

However, the judgment adjudicating guilt orders that appellant pay $1,580 in court costs but the trial court waived any fines, fees, and costs imposed on appellant in the oral pronouncement of its ruling. Generally, when a trial court has discretion over some aspect of punishment, and the oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *See Ette v. State*, 559 S.W.3d 511, 516–17 (Tex. Crim. App.

3

2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor*, 131 S.W.3d at 500; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (first citing *Ex parte Madding*, 70 S.W.3d at 135; and then citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (collecting cases that have modified judgments in *Anders* cases); *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the trial court's final judgment to reflect that appellant pay $0 in court costs. *See* TEX. R. APP. P. 43.2(b); *Mitchell*, 653 S.W.3d at 297.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for

4

discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

**V.  CONCLUSION**

We affirm the trial court's judgment as modified.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of April, 2025.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.